# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| 819D, LLC, ) | 22-00101-ELG |
| ) | CHAPTER 7 |
| DEBTOR. ) | |
| ) | |
| ) | |
| ANDREW RUBIN et al., ) | ADV. PROC. 23-10009-ELG |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| vs. ) | |
| ) | |
| BRYAN ROSS, in his official capacity as chapter ) | |
| 7 trustee of the chapter 7 estate of 819D LLC, ) | |
| ) | |
| DEFENDANT. ) | |

## MOTION TO DISMISS OR ABSTAIN

Bryan S. Ross, Trustee ("Trustee") for debtor 819D, LLC ("Debtor"), submits this *Motion to Dismiss or Abstain* (the "Motion"), with respect to the Complaint for Declaratory Relief ("Complaint") filed by Andrew Rubin ("Mr. Rubin") and Canal View Holdings, LLC ("Canal View" and collectively with Mr. Rubin, "Defendants"), and states as follows.

_____
Janet M. Nesse (D.C. Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel to the Trustee*

I. **INTRODUCTION.**

This adversary proceeding is the culmination of a year long forum shopping campaign so blatant that the Debtor converted to Chapter 7 in order to avoid a hearing on a motion to remand. Now, with the motion to remand stayed, and unhappy with the pace of the Chapter 7 trustee's review of the claims against them, Defendants have filed a complaint for declaratory relief again seeking to circumvent adjudication by the Fairfax County Circuit Court (which had repeatedly ruled against them). Happily, this frolic and detour is barred under the Rooker-Feldman doctrine, multiple abstention doctrines, and the automatic stay. For the foregoing reasons, the Complaint should be dismissed or the Court should abstain from hearing it.

II. **FACTUAL AND PROCEDURAL BACKGROUND.**

This entire dispute and underlying bankruptcy case arises from the sale of condominium unit by the Debtor to Karl Garcia ("Mr. Garcia") that Mr. Garcia has asserted is defective. Mr. Garcia asserts that after the Debtor found out about his claims, the Debtor transferred all of its assets to insiders, including the Defendants. On October 30, 2020, Mr. Garcia filed in Fairfax County Circuit Court the case captioned *Karl Garcia v. The Rubin Group LLC*, et al. (Circuit Court of Fairfax County, Case No. CL-2020-17040) (the "Fairfax Action") against the Debtor and numerous insiders of the Debtor, including Defendants, seeking, *inter alia*, recovery of various transfers made by the Debtor. On the eve of a sanctions hearing, the Debtor filed for Chapter 11 and subsequently removed and transferred the Fairfax Action to this Court. On the day of a remand hearing, the Debtor converted to Chapter 7.

While in Fairfax, numerous demurrers were filed to the fraudulent transfer counts, none of which were successful. For instance, one demurrer argued Virginia fraudulent transfer law did not apply, arguing

> Claims of fraudulent conveyance and voluntary transfers sound in tort. Under Virginia's choice-of-law rules, the law of the jurisdiction where the alleged tort occurred would apply to any such claim. Plaintiff does not allege any transfers in Virginia and accordingly has not pled a factual basis to state a cause of action to which any Virginia tort law would apply, and his Second Amended Complaint fails as a matter of law.

*See* Exhibit A, p. 2. This argument failed. Exhibit B. Further, the Denurrer argued Debtor was not on notice of Mr. Garcia's potential claims when it made the transfers in controversy. Exhibit A, p. 2-3. This also failed. Exhibit B.

Despite these rulings, the Complaint alleges that

> 41. The second major issue is that Mr. Garcia (and, by extension, the Trustee) is fixated on myriad monetary transfers occurring prior to the end of 2017, but ignores that it was not until March 24, 2018 that Mr. Garcia gave notice of any alleged issued beyond the Punch List, which makes it nearly impossible for any transaction to have been undertaken with any intent to hinder, delay or defraud Mr. Garcia
>
> 42. Further, Mr. Garcia brought his claims in a Virginia state court, under Virginia law, but ignores that neither Mr. Rubin nor Canal View fall within the ambit of Virginia's fraudulent conveyance laws (though they certainly would be subject to the fraudulent conveyance laws of the District of Columbia or Maryland)

Complaint, ¶¶ 41-42.

### III. **ARGUMENT.**

**Standard of Review for Motion to Dismiss Pursuant to 12(b)(1) and Authority to Consider Extrinsic Evidence.**

Like other federal courts, "bankruptcy courts are . . . courts of limited jurisdiction," *In re Johnson*, 960 F.2d 396, 399 (4th Cir. 1992), and, as such, they "must be alert to avoid overstepping their limited grants of jurisdiction." *McCorkle v. First Pa. Banking & Trust Co.*, 459 F.2d 243, 244 n.1 (4th Cir. 1972). The burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs. v. Holibaugh,* 609 F.3d 359, 362 (4th Cir. 2010), *cert. denied*, 131 S. Ct. 924, 178 L. Ed. 2d 751 (U.S.

3

2011) *(citing Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994))*.* In evaluating a Rule 12(b)(1)[1] motion to dismiss for lack of subject matter jurisdiction, the court should "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

**The Rooker-Feldman Doctrine Deprives the Federal Courts of Subject Matter Jurisdiction to Relitigate The State Court Rulings.**

Having lost in state court, the Defendants cannot ask the Bankruptcy Court to readjudicate their overruled defenses. Under principles of federalism, specifically, the Rooker-Feldman[2] doctrine, a "party losing in state court is barred from seeking what in substance would be appellate review of [a] state judgment in a United States district court." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06, 129 L. Ed. 2d 775, 114 S. Ct. 2647 (1994); *see also In re McGregor*, 233 B.R. 406, 408 (Bankr. S.D. Ohio 1999) ("federal bankruptcy courts do not sit as appellate courts over state courts that have concurrent jurisdiction."). This is because subject matter jurisdiction to review rulings of state courts exists exclusively in the United States Supreme Court. 28 U.S.C. § 1257. Any claim barred by the Rooker-Feldman doctrine is "properly dismissed for want of subject-matter jurisdiction." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). The Rooker-Feldman bar extends "not only to issues actually decided by a state court but also to those that

---

[1] Bankruptcy Rule 7012(b) incorporates Rule 12(b) in adversary proceedings. Fed. R. Bankr. Proc. 7012.

[2] The Rooker Feldman doctrine is based on two Supreme Court cases. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 75 L. Ed. 2d 206, 103 S. Ct. 1303 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 68 L. Ed. 362, 44 S. Ct. 149 (1923).

4

are 'inextricably intertwined with questions ruled upon by a state court.'" *Shooting Point, LLC v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004).

The *Rooker-Feldman* doctrine applies to interlocutory state court orders as well as final judgments. The Fourth Circuit has held that this is so "…[because] it cannot be the meaning of RookerFeldman (sic) that, while the inferior federal courts are barred from reviewing final decisions of state courts, they are free to review interlocutory orders." *Am. Rel. Ins. Co. v. Stillwell*, 336 F.3d 311 (4th Cir. 2003); *see also McNeil v. Fed. Network Sys., LLC,* 2014 U.S. Dist. LEXIS 7875 (D. Md. Jan. 17, 2014) ("The [Rooker-Feldman] doctrine applies to final and interlocutory state court orders"); *In re Federated Dep't Stores*, 226 B.R. 191 (Bankr. S.D. Ohio 1998) (dismissing discharge complaint when debtor had lost motion in state court for summary judgment on argument that discharge applied). This case is a perfect example of the gamesmanship that would occur if a state court loser could simply file a federal lawsuit before an interlocutory order became final.

The Court of Appeals for the District of Columbia Circuit has ruled that Rooker-Feldman applies to interlocutory state court rulings. *Richardson v. D.C. Ct. of Appeals,* 83 F.3d 1513, 1514 (D.C. Cir. 1996). A more recent case from the United Stated District Court for the District of Columbia has held that *Richardson* has been abrogated by *Exxon Mobil*. *William Penn Apartments v. D.C. Ct. of Appeals*, 39 F. Supp. 3d 11 (D.D.C. 2014). But a bankruptcy judge is not bound by one bankruptcy judge's or one district court judge's decision in a multi-judge district. *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey*, 160 B.R. 882, 898 (Bankr. S.D.N.Y. 1993); *see also In re Davis, 352 B.R. 758, 764 (Bankr. D.S.C. 2006)* (holding that "[t]he reasoning of district judges is of course entitled to respect, but the decision of a district judge cannot be controlling precedent." (*quoting FutureSource LLC v. Reuters,* 312

5

F.3d 281, 283 (7th Cir.2002)). "[T]he modern trend [is] that a bankruptcy court is not bound by stare decisis to follow the decision of a single district judge in a multi-judge district." *In re Baker*, 264 B.R. 759, 762 (Bankr. M.D. Fla. 2001); *In re Raphael*, 230 B.R. 657, 664, rev'd on other grounds, 238 B.R. 69 (D.N.J. 1999); *In re Shattuc Cable Corp.*, 138 B.R. 557 (Bankr. N.D. Ill. 1992); *In re Gaylor*, 123 B.R. 236, 241-243 (Bankr. E.D.Mich. 1991); *In re Windsor Comm. Group, Inc.*, 67 B.R. 692 (Bankr. E.D. Pa. 1986). This Court should follow the rulings of *Richardson*, the Fourth Circuit and other Courts, and dismiss this federal attempt to relitigate state court losses.

The Rooker-Feldman doctrine applies when, as here, a debtor seeks to relitigate an adverse state court ruling concerning a core issue. As stated by the United States Bankruptcy Court for the Eastern District of North Carolina,

> Faced with a creditor who files suit to collect a judgment on a pre-petition debt in state court, potentially violating the discharge injunction of § 524(a), discharged debtors have several remedial options by which to protect their "fresh start." As often stated in the pertinent case law, debtors can litigate dischargeability after a case is closed by doing one of the following: (1) assert the bankruptcy discharge as an affirmative defense, "and the court with jurisdiction over that lawsuit can determine the issue of dischargeability under § 523(a)(3)"; (2) move to reopen the bankruptcy case under Fed. R. Bankr. P. 4007(b) for the purpose of filing a complaint to determine dischargeability; or (3) remove the action from state court to bankruptcy court under Fed. R. Bankr. P. 9027 to enforce the discharge injunction of § 524(a) against the creditor. *Stucker v. Cardinal Building Materials, Inc. (In re Stucker)*, 153 B.R. 219, 222 (Bankr. N.D. Ill. 1993); *see also In re Gardner*, 194 B.R. 576 (Bankr. D.S.C. 1996). The avenue of relief pursued determines whether the state or bankruptcy court has subject matter jurisdiction to hear the dischargeability suit.
>
> If the defendant chooses to plead the bankruptcy discharge as an affirmative defense, not removing the action to bankruptcy court, then "jurisdiction over the matter rests with the state court and does not attach to the federal court." *In re Jeffries*, 191 B.R. at 863 (citing 10 Lawrence P. King, Collier on Bankruptcy P 9027.07 (15th ed. rev. 1999)). A state court, "acquire[s] jurisdiction over the issue of dischargeability when the debtor raise[s] the bankruptcy discharge defense . . ." *In re McGregor*, 233 B.R. 406, 409 (Bankr. S.D. Ohio 1999).

6

> Following this analysis, bankruptcy courts lack subject matter jurisdiction to decide dischargeability when debtors have already chosen the state court forum by failing to file a notice of removal to the bankruptcy court and asserting affirmative defenses in the state court, relying on § 524. *See In re Jeffries*, 191 B.R. at 864.

*In re Toussaint*, 259 B.R. 96, 101 (Bankr. E.D.N.C. 2000). The *Toussaint* case provides that this analysis applies even if the state court gets it wrong, stating:

> Once the state court has subject matter jurisdiction to adjudicate dischargeability under § 523, it cannot retroactively be stripped of that jurisdiction based on an incorrect application of federal law. If that were so, state courts would have a mythical type of "conditional" rather than concurrent jurisdiction to decide matters under § 523. As the Bankruptcy Appellate Panel for the Ninth Circuit acknowledged, "the power to decide an issue ordinarily connotes the power to decide it incorrectly, with any erroneous result being enforceable unless corrected on appeal . . . ." *In re Pavelich*, 229 B.R. at 783. This is the appropriate analysis. Once the debtors choose a forum and that court renders judgment, the debtors cannot then run to the other forum if the result is incorrect. They must pursue reconsideration or appellate review for that forum.

*Toussaint*, 259 B.R. at 102; *see also In re MWM & Sons, Inc.*, No. 13-22061-PM, slip op at 3 (Bankr. D. Md. Nov. 18, 2014) (under Rooker-Feldman doctrine, bankruptcy court lacked subject matter jurisdiction to hear objection to claim concerning amount of attorneys' fees awarded by confessed judgment, even when objection was meritorious).

To rule in Defendant's favor on such issue would be to overrule the ruling of the Honorable Grace Carroll of Fairfax County on the Defendant's defenses. Under principles of federalism, such requested relief constitutes a federal appeal of a state court ruling over which this Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine.

### This case should be dismissed as violating automatic stay

Defendants also seek to assert control of estate property in violation of the automatic stay. 11 U.S.C. § 362(a)(3). "Because fraudulent transfers harm the entire estate, not individual creditors, these causes of action, particularly in light of the bankruptcy filing, are property of the

7

estate." *In re Tovan Constr., Inc.*, No. 19-12423-KHK, 2021 WL 1235359, at *3 (Bankr. E.D. Va. Mar. 31, 2021) (*citing Nation American Ins. Co. v. Ruppert Landscaping Co., Inc.*, 187 F.3d 439 (4th Cir. 1999) for proposition that "fraudulent conveyance actions are property of the estate which vest in the debtor in possession or trustee such that an individual creditor lacks standing to pursue such a claim."). Seeking a declaratory judgment that the trustee lacks a cause of action "interferes with and amounts to control of those causes of action" in violation of the automatic stay. *In re Howrey LLP*, 492 B.R. 19, 23 (Bankr. N.D. Cal. 2013), *aff'd,* No. C 13-02700 SBA, 2014 WL 3899487 (N.D. Cal. Aug. 8, 2014); *see also Securities Investor Protection Corp. v. Bernard L. Madoff Inv. Securities, LLC* (Bankr.S.D.N.Y.2011) 460 B.R. 106, 113 aff'd, (S.D.N.Y.2012) 474 B.R. 76.

The Complaint is an attempt to adjudicate the Trustee's cause of action before the Trustee is ready. The Trustee has two years to file a fraudulent transfer complaint. 11 U.S.C. §546. The fact that the Complaint was filed in the Bankruptcy Court does not save it. Actions brought against the estate in Bankruptcy Court are also stayed. *In re Cashco, Inc.*, 599 B.R. 138, 148 (Bankr. D.N.M. 2019); *Bridges v. Continentalafa Dispensing Co. (In re Continentalafa Dispensing Co.*), 403 B.R. 653, 659 (Bankr.E.D.Mo.2009) ("Since Plaintiff's claims stem from pre-petition debts, Plaintiff's Complaint to collect on this pre-petition debt would in fact violate the automatic stay."). This Court has held that "actions taken in violation of the automatic stay are void." *In re Rothenberg*, 173 B.R. 4, 14 (Bankr. D.D.C. 1994).

**Abstention is appropriate under the Wilton-Brillhart Abstention Doctrine.**

If this Court does find it has subject matter jurisdiction, then it should abstain. "Under what is known as the Wilton/Brillhart abstention doctrine, district courts possess significant discretion to dismiss or stay claims seeking declaratory relief, even though they have subject

8

matter jurisdiction over such claims." *R.R. Street & Co. v. Vulcan Materials Co.*, 569 F.3d 711, 713 (7th Cir. 2009); see also *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115, 14 S.Ct. 2137 (1995)("[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495, 62 S.Ct. 1173 (1942)("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided."). As the United States Bankruptcy Court for the District of Columbia has stated,

> "District courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S.Ct. 2137, 132 L.Ed.2d 214, (1995).This is so because the Act is " 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.' " Id. at 287, 115 S.Ct. 2137 (*quoting Pub. Serv. Comm'n v. Wycoff*, 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291 (1952)); *National Wildlife Federation v. United States*, 626 F.2d 917, 923 (D.C.Cir.1980) ("That [the Act] is intended to permit the court in its discretion to withhold declaratory relief is well-established."). Circumspection is especially warranted where "as in Wilton, there are pending state-court proceedings representing the same issues of state law." *AmSouth Bank v. Dale*, 386 F.3d 763, 784 (6th Cir.2004). In such circumstances, "a district court might be indulging in 'gratuitous interference' if it permitted the federal declaratory action to proceed." *Wilton*, 515 U.S. at 283, 115 S.Ct. 2137 (*quoting Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)). Although the Court of Appeals has long declined to provide an exhaustive list of issues that district courts should consider in deciding whether or not to grant declaratory relief, relevant factors include:

> whether [declaratory relief] would finally settle the controversy between the parties; whether other remedies are available or other proceedings pending; the convenience of the parties; the equity of the conduct of the declaratory judgment plaintiff; prevention of procedural fencing; the state of the record; the degree of adverseness between the parties; and the public importance of the question to be

9

> decided. *Jackson v. Culinary Sch.*, 27 F.3d 573, 580 (D.C.Cir.1994) (*quoting Hanes Corp. v. Millard*, 531 F.2d 585, 591 (D.C.Cir.1976)).

*Gov't Emps. Ins. Co. v. Rivas*, 573 F. Supp. 2d 12, 14–15 (D.D.C. 2008).

All of these factors favor abstention. To say this case represents procedural fencing is an understatement. This is a state law claim removed to Bankruptcy Court in a bankruptcy filed for no other readily discernible purpose but to benefit the insiders and shareholders who removed it. The bankruptcy was filed on the eve of a sanctions hearing, the conversion on the day of the hearing on a motion to remand. The Fairfax Action was far along, with multiple demurrers having been denied, and sanctions having been imposed against Defendants. It is understandable that Defendants were upset with their losing record in Fairfax Court. But this Court should not give them a do-over.

Further, the *Wilton-Brillart* doctrine applies to parallel federal actions. *Cont'l Glass Sales & Inv. Corp. v. First Finish, LLC*, No. 21-CV-6734, 2022 WL 1620233, at *6 (N.D. Ill. May 23, 2022) recently held:

> We first consider whether the *Wilton/Brillhart* doctrine even applies where, as here, the other proceeding is in federal court. Both *Wilton* and *Brillhart* addressed whether a district court could stay or dismiss a declaratory judgment case in favor of pending state court litigation. *Wilton*, 515 U.S. at 279–80, 115 S. Ct. at 2139; *Brillhart*, 316 U.S. at 492–94, 62 S. Ct. at 1174–75. The Seventh Circuit has also characterized the *Wilton/Brillhart* doctrine as applying when the other lawsuit is in state court. *See, e.g., Arnold v. KJD Real Est., LLC*, 752 F.3d 700, 707 (7th Cir. 2014); *Envision Healthcare*, 604 F.3d at 986. Nonetheless, "there is no set criteria for when a court should exercise its discretion" to stay or dismiss a case under the *Wilton/Brillhart* doctrine. *Envision Healthcare*, 604 F.3d at 986. Nor does Continental direct us to any case indicating that we can apply the *Wilton/Brillhart* doctrine *only* when the other case is pending in state court. (*See* Pl.'s Opp'n at 11–12.) To the contrary, "*Wilton* expressly reserved the question whether the lack of a pending state court proceeding limited a district court's discretion to decide or dismiss a declaratory judgment action." *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 392 (5th Cir. 2003); *see Wilton*, 515 U.S. at 289–90, 115 S. Ct. at 2144 (declining to "delineate the outer boundaries" of a

10

district court's discretion to hear a declaratory judgment action in other cases, such as cases where "there are no parallel state proceedings"). Furthermore, although courts often speak of "abstaining" under the *Wilton/Brillhart* doctrine, a district court's ability to stay or dismiss a declaratory judgment case does not derive from a judicially created abstention doctrine, but from the Declaratory Judgment Act itself, which does not require the pendency of state court litigation. 28 U.S.C. § 2201(a); *Med. Assurance Co. v. Hellman*, 610 F.3d 371, 378–79 (7th Cir. 2010). Thus, that the Maryland Lawsuit is in federal court does not render the *Wilton/Brillhart* doctrine inapplicable. *See Med. Assurance*, 610 F.3d at 379.

**This Court Should Abstain from Hearing this Adversary Proceeding Pursuant to the Colorado River Doctrine.**

The Court should also abstain from hearing this case in deference to the Fairfax Action pursuant to the Colorado River Doctrine. The Supreme Court has stated that, in certain circumstances, it is appropriate to order "the dismissal of a federal suit due to the present of a concurrent state proceeding for reasons of wise judicial administration." *Colorado River Water Co. Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976). In considering whether to abstain under the *Colorado River* doctrine,

> six factors have been identified to guide the analysis: (1) whether the subject matter of the litigation involves property where the first court may assume in rem jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation;   (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights.

*Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 207-208 (4th Cir. 2006).  Most of these factors favor abstention.  First, while this forum is not "inconvenient," this Court's jurisdiction to determine the Complaint under the Rooker-Feldman doctrine is not clear, and counsel for fraudulent transfer plaintiff is not admitted in this Court, nor are several counsel for other non-joined defendants in the Fairfax Action.  Second, adjudication of this adversary proceeding would result in piecemeal litigation.  Third, the state court obtained jurisdiction first and significant discovery

11

and motions practice has been undertaken. Fourth, the claims are governed by state law. The transfers are too old for 11 U.S.C. § 548 to apply. Fifth, the Fairfax County Circuit Court is a perfectly adequate venue to adjudicate the claims, and the Defendants may appeal any ruling he finds improper. The fact that the Defendants are unhappy with the decisions made there is irrelevant.

Abstention is especially appropriate as this is a request for a declaratory judgment. This Court has the "unique and substantial" discretion to abstain from hearing a request for a declaratory judgment because the very statute authorizing it to assert jurisdiction is discretionary. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). Given the progress in the parallel state court litigation, and the fact that demurrers on the grounds sought by Defendants in the Complaint have already been denied, abstention is proper.

**Alternatively Permissive Abstention is Appropriate.**

The Court should exercise its discretion to abstain from hearing this case and dismiss this adversary proceeding under 28 U.S.C. § 1334(c)(1), which provides, in relevant part:

> …nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. §1334(c)(1). When deciding whether to exercise its discretion and permissively abstain, courts should consider the following non-exhaustive factors:

  i.  Efficiency in the administration of the debtor's estate;

  ii.  The extent to which state issues predominate over bankruptcy issues;

  iii.  Whether the issues involve difficult or unsettled questions of state law that would be better addressed by a state court;

  iv.  The presence of a related proceeding commenced in state court;

Document      Page 13 of 15

    v.        The existence of a jurisdictional basis other than 28 U.S.C. § 1334;

    vi.       The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

    vii.      The substance rather than form of an asserted "core" proceeding;

    viii.     The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court;

    ix.       The burden of the federal court's docket;

    x.        The likelihood that the commencement of the proceeding in federal court involves forum shopping by one of the parties;

    xi.       The existence of a right to a jury trial; and

    xii.      Whether non-debtor parties are involved in the proceeding.

*MacLeod v. Dalkon Shield Claimants Trust*, 967 F. Supp. 856, 858 (D. Md. 1997). As the following paragraphs establish, almost every one of these factors favors abstention in this case and a collective analysis of the factors weighs heavily in favor of abstention.

<u>Efficiency in the administration of the Debtors' estate</u>.

It would be more efficient for the claims raised in this litigation to be adjudicated in the Fairfax Action. This adversary proceeding is a matter on which this Court can only issue proposed findings of fact and conclusions of law. *See Stern v. Marshall*, 131 S. Ct. 2594, 2614 (2011). Further, not all Defendants in the Fairfax Action are joined as plaintiffs.

<u>The extent to which state issues predominate over bankruptcy issues</u>.

Each of the substantive claims raised in this litigation is based wholly in state law. The transfers are too old for 11 U.S.C. § 548 to apply.

  c. <u>Whether the issues involve difficult or unsettled questions of state law that would be better addressed by a state court</u>.

  The issues exclusively involve difficult or unsettled questions of state law that would be better addressed by a state court. The claims described in the Complaint should be heard by the Virginia state courts, not the federal courts.

  d. <u>The existence of a jurisdictional basis other than 28 U.S.C. § 1334</u>.

  There is no federal question jurisdiction and no jurisdiction based upon diversity. This factor justifies abstention.

  e. <u>The substance rather than form of an asserted "core" proceeding</u>

  In the Complaint, Plaintiffs do not state whether that the claims in this adversary proceeding are core proceedings. However, as explained above, this Court may only issue proposed findings of fact and conclusions of law.

  f. <u>The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court</u>.

  This factor favors abstention. The Complaint presents no core bankruptcy matters on which this Court can make a final ruling.

  h. <u>The burden of the federal court's docket</u>.

  The cumbersome process by which non-core claims are tried in the Bankruptcy Court creates a burden for this Court and the District Court. This factor weighs in favor of abstention. The state courts provide a more convenient and efficient venue.

  i. <u>The existence of a right to a jury trial</u>.

  To the extent there are material facts in dispute and this cannot be resolved on the papers, other Defendants and the Trustee have the right to a jury trial. This factor justifies abstention.

  j. <u>Whether non-debtor parties are involved in the proceeding</u>.

This case involves the resolution of claims between the Trustee, numerous non-debtor Defendants, and, essentially, Mr. Garcia. Abstention is appropriate.

### IV. CONCLUSION.

WHEREFORE, for the foregoing reasons, the Court should dismiss or abstain from hearing the Complaint filed in this adversary proceeding, grant the Trustee his costs and attorneys' fees, and grant such other relief as it deems appropriate and proper.

Date: April 21, 2023         Respectfully submitted,

                 /s/ *Justin P. Fasano*
                 Janet M. Nesse (DC Bar 358514)
                 Justin P. Fasano (DC Bar MD21201)
                 McNamee Hosea, P.A.
                 6411 Ivy Lane, Suite 200
                 Greenbelt, Maryland 20770
                 (301) 441-2420
                 jnesse@mhlawyers.com/
                 jfasano@mhlawyers.com
                 *Counsel to the Trustee*

### CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2023, a copy of the foregoing via CM/ECF, upon all parties receiving notice thereby.

                 /s/ *Justin P. Fasano*
                 Justin P. Fasano